## SANDERSON v. POSTAL LIFE & CASUALTY INS. CO.

### No. 1014.

District Court, W. D. Missouri, W. D.

Dec. 4, 1941.

.M. B. Grace, of Birmingham, Ala., for plaintiff.

Gage, Hillix, Hodges & Cowherd, of Kansas City, Mo., for defendant.

OTIS, District Judge.

The matter presented is defendant's motion to dismiss with prejudice. There had been filed an earlier motion by defendant to dismiss for lack of jurisdiction for that, as defendant alleges in its motion, the amount in controversy is less than $3,000. After defendant's first motion was filed, counsel for plaintiff sent to the clerk of the court a letter, saying that he was convinced that the motion to dismiss should be sustained and asking that, if an order was made sustaining the motion, the case be dismissed without prejudice. The present motion to dismiss with prejudice was filed subsequently to the receipt of that letter and calls attention to the letter.

It is now asked that the case be dismissed with prejudice.

Only one reason has been suggested by defendant in its motion why the case should be dismissed at all, and that is that the court does not have jurisdiction of the case because less than $3,000 are in controversy.

 It would seem to me obvious that if the case is dismissed because the court has no jurisdiction, certainly it cannot be dismissed with prejudice, since that involves the exercise of jurisdiction. It involves a judgment against plaintiff.

What I have said is sufficient to justify dismissal without prejudice. I desire, however, to refer to what counsel said in support of his motion to dismiss with prejudice.

Counsel relies on that rule of civil procedure which provides that a voluntary dismissal may be made by plaintiff and shall be without prejudice, provided notice of dismissal is filed at any time "before service of the answer." Rule 41, 28 U.S.C.A. following section 723c. Counsel believes that the phrase "before service of the answer", because there has been no answer filed in this case, should be interpreted to mean, he made an argument in support of his contention, *before entry of appearance*. As to that I cannot agree. The language of the rule seems plain. The history of the rule indicates that its purpose was to permit the dismissal without prejudice by a party of a suit he has instituted if he does it before his adversary has been prejudiced by being put to the labor of filing an answer and of making an investigation for filing answer. If he has been put to such labor, then the dismissal, generally speaking, unless by stipulation it is without prejudice, may be only upon conditions imposed by the court or with prejudice.

I think counsel is in error. I think, moreover, his argument has no application. This is not a case in which plaintiff is moving for dismissal. It is not plaintiff who sought to dismiss, but defendant who moved for dismissal.

The case is dismissed upon the order of the court by reason of defendant's motion that the case should be dismissed because the court has no jurisdiction. The rule to which counsel has called attention applies only when there has not been a motion to dismiss, but when dismissal is voluntary on the part of plaintiff.

Case dismissed without prejudice. So ordered.